COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP106-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CF1873

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

B. R. B.,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MILTON L. CHILDS, SR., Judge. *Dismissed.*

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brooke[1] appeals from an order of the circuit court allowing the administration of involuntary medication to restore Brooke to competency. For the reasons set forth below, we conclude that this case is moot, and we dismiss the appeal.

## BACKGROUND

¶2 On April 28, 2023, the State charged Brooke with one count of resisting an officer and one count of discharging a bodily fluid at a public safety worker. As alleged in the criminal complaint, Brooke struggled with police officers when they attempted to arrest her for trespassing at a local pharmacy, and as officers placed Brooke in a squad car, Brooke spat at the officers.

¶3 Brooke's competency was raised as an issue, and the circuit court ordered a competency evaluation. Dr. Deborah Collins prepared a report dated September 22, 2023, reaching the conclusion that Brooke was incompetent to proceed with the charges but likely to regain competency with treatment. Following a hearing on October 25, 2023, addressing the issue of Brooke's competency to proceed, the circuit court entered an order committing Brooke to the Department of Health Services (DHS) for treatment to restore Brooke to competency.

¶4 On January 15, 2024, DHS filed a motion requesting an involuntary medication order and provided a report prepared by Dr. Colleen Considine in

---

[1] For ease of reference and to protect the confidentiality of these proceedings, we adopt the pseudonym used by the parties. *See* WIS. STAT. RULE 809.86 (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

support of its motion. Following a hearing at which Dr. Considine testified, the circuit court granted the order.

¶5     Brooke filed a notice of appeal on January 22, 2024, and this court subsequently granted a stay of the circuit court's order for involuntary medication pending the appeal. Briefing for the appeal was completed on August 7, 2024.

¶6     CCAP records indicate that, less than a month later on September 4, 2024, the circuit court held a hearing revisiting the issue of Brooke's competency, and at that time, the circuit court found that Brooke was incompetent and not likely to regain competency within the statutory timeframe to pursue the criminal charges in this matter.[2] Consequently, the underlying criminal case in this matter was closed and ordered converted to a civil commitment proceeding under WIS. STAT. ch. 51.

## DISCUSSION

¶7     On appeal, Brooke challenges the order for involuntary medication to restore her to competency and asks to have the order vacated. To that end, she argues that the State failed to provide evidence sufficient to meet the *Sell*[3] factors and failed to provide evidence sufficient to overcome her right to refuse medication.

---

[2] CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs. CCAP is an online website that contains information entered by court staff of which this court may take judicial notice. *See Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

[3] *Sell v. United States*, 539 U.S. 166 (2003).

¶8      Her primary arguments focus on the first *Sell* factor and special circumstances that should have been considered by the circuit court under that factor, and then the State's inability to meet the other *Sell* factors based on the lack of an individualized treatment plan. She additionally argues that the State failed to meet its burden under WIS. STAT. § 971.14(3) to show that she was not competent to refuse medication because of the lack of evidence that she was provided with an explanation of the advantages and disadvantages and alternatives to the proposed treatments. We decline to reach the merits of Brooke's appeal because we conclude that her appeal is moot.

¶9      Mootness is a question of law that we review independently. *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (citation omitted). Here, the underlying criminal case—and the involuntary medication order—has been closed and the proceedings have been converted to civil commitment proceedings. Her case is, therefore, moot because she is no longer subject to the underlying order for involuntary medication to treat her to competency on the now closed criminal charges. *See Winnebago Cnty. v. Christopher S.*, 2016 WI 1, ¶31, 366 Wis. 2d 1, 878 N.W.2d 109 (concluding that "the issues are moot because he is no longer subject to the orders being appealed").

¶10     "Appellate courts generally decline to reach moot issues, and if all issues on appeal are moot, the appeal should be dismissed." *J.W.K.*, 386 Wis. 2d 672, ¶12. We, therefore, decline to reach the merits of Brooke's appeal and dismiss Brooke's appeal as moot.

¶11 We note that a moot appeal may be addressed in certain "exceptional or compelling circumstances." *Id.* (citation omitted). These established exceptions where we may elect to address a moot issue include: (1) issues of great public importance, (2) issues involving the constitutionality of a statute, (3) situations that arise so often that a definitive decision is essential for guidance, (4) issues that are likely to arise again and should be resolved to avoid uncertainty, and (5) issues that are capable and likely of repetition but evade review. *Id.*

¶12 None of these exceptions apply here. Indeed, this court has recently addressed issues nearly identical to the ones raised by Brooke in this appeal in our recent decision in *State v. J.D.B.*, 2024 WI App 61, 414 Wis. 2d 108, 13 N.W.3d 525, which we note is also now pending before our supreme court. Another decision by this court would have no more impact than *J.D.B.*, which renders nearly all of the exceptions to the mootness doctrine inapplicable. The remaining exception to mootness is the constitutionality of a statute, and because no one has raised the constitutionality of a statute, this exception similarly does not apply to defeat mootness. We, therefore, decline to reach the merits of Brooke's case under any of the exceptions to the mootness doctrine.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.